IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

KESEANDA BROOKS,

   Plaintiff,

v.                                          Case No. 3:18-cv-00375-MHL

MEDICAL FACILITIES OF AMERICA,
INC., d/b/a HANOVER HEALTH &
REHABILITATION CENTER, a corporation;

   Defendant.

## ANSWER

NOW COMES the Defendant, MEDICAL FACILITIES OF AMERICA, INC., ("MFA"), by counsel, and denies that it does business as Hanover Health & Rehabilitation Center, denies that it violated Title VII of the Civil Rights Act of 1964, discriminated against the Plaintiff, refused to provide a reasonable accommodation to Plaintiff's religious belief or that it terminated the Plaintiff's employment. In further Answer to the Plaintiff's Complaint, MFA denies that it is liable to the Plaintiff, denies that the Plaintiff is entitled to the amount requested or any amount, and further states as follows:

### Jurisdiction and Venue

1.     In answer to paragraph 1, MFA admits that Plaintiff attempts to assert a claim under Title VII, but denies that it has violated Title VII and further denies that it discriminated or retaliated against Plaintiff on the basis of religion.

2.     In answer to paragraph 2, MFA admits that the Court has jurisdiction over claims brought pursuant to Title VII, but denies that the Court has subject matter jurisdiction over the claims brought against MFA or that MFA violated Title VII in any way.

1

3. In answer to paragraph 3, MFA avers that the allegations contained therein merely state a legal conclusion to which no answer is required. To the extent an answer is required, MFA denies that the Plaintiff is entitled to costs and attorneys' fees in this matter.

4. In answer to paragraph 4, MFA admits the allegations contained therein.

5. In answer to paragraph 5, MFA admits that venue is proper in this Court, but denies that there were any unlawful employment practices or that MFA took any acts that give rise to a claim on behalf of the Plaintiff.

### Parties

6. In answer to paragraph 6, MFA admits that the Plaintiff is an individual and female, but denies that the Plaintiff was employed by MFA. MFA is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them in the manner and form alleged.

7. In answer to paragraph 7, MFA admits that it is a corporation incorporated under the laws of Virginia with its headquarters and principal place of business at 2917 Penn Forest Blvd., Suite 300, Roanoke, Virginia 24018. MFA denies that it does business as Hanover Health & Rehabilitation Center, and specifically denies that MFA was Brooks' employer. MFA avers that the correct corporate entity that operates Hanover Health & Rehabilitation Center is Maple Leaf of Hanover County Health Care, Inc., t/a Hanover Health & Rehabilitation Center. MFA denies the remaining allegations contained therein in the manner and form alleged.

### Administrative History

8. In answer to paragraph 8, MFA denies the allegations contained therein.

9. In answer to paragraph 9, MFA admits that Plaintiff filed a charge of discrimination with the EEOC, but denies that a charge was filed against MFA.

10. In answer to paragraph 10, MFA admits that the EEOC issued a Dismissal and Notice of Rights to Plaintiff dated March 6, 2018, but denies that Exhibit A was attached to the Complaint.

11. In answer to paragraph 11, MFA, upon information and belief, admits that the Plaintiff filed suit within 90 days from the date she received the Dismissal and Notice of Right to Sue from the EEOC, but denies that the Plaintiff exhausted her administrative remedies or timely filed suit against MFA.

**Facts**

12. In answer to paragraph 12, MFA is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them in the manner and form alleged.

13. In answer to paragraph 13, MFA admits that Plaintiff was hired as a full-time Certified Nursing Assistant at Hanover Health & Rehabilitation Center on April 18, 2016, but denies the remaining allegations in the manner and form alleged.

14. In answer to paragraph 14, MFA denies that this is the complete job description of a CNA, and therefore denies the allegations in the manner and form alleged.

15. In answer to paragraph 15, MFA denies that the Employee Handbook did not state that all employment decisions would be made without discrimination, including religious discrimination. MFA admits the handbook did not specifically mention clothing for religious observance.

16. In answer to paragraph 16, MFA is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them in the manner and form alleged.

17. In answer to paragraph 17, MFA admits that the hijab is a religious head covering, but MFA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies them in the manner and form alleged.

18. In answer to paragraph 18, MFA is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them in the manner and form alleged.

19. In answer to paragraph 19, MFA denies the allegations contained therein in the manner and form alleged.

20. In answer to paragraph 20, MFA denies that the Plaintiff wore the hijab for three months at the Hanover Health & Rehabilitation Center, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies them in the manner and form alleged.

21. In answer to paragraph 21, MFA denies the allegations contained therein in the manner and form alleged.

22. In answer to paragraph 22, MFA denies the allegations contained therein.

23. In answer to paragraph 23, MFA admits that Plaintiff was advised there were safety concerns with a resident grabbing the hijab while Plaintiff was interacting with residents, but denies the remaining allegations in the manner and form alleged.

24. In answer to paragraph 24, MFA denies the allegations contained therein in the manner and form alleged.

25. In answer to paragraph 25, MFA is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them in the manner and form alleged.

26. In answer to paragraph 26, MFA is without knowledge or information sufficient to form a belief as to the truth of the allegations in the manner and form alleged, but avers that Plaintiff was contacted and advised that she was welcome to wear her hijab at work.

27. In answer to paragraph 27, MFA denies the allegations contained therein.

28. In answer to paragraph 28, MFA denies that Plaintiff was terminated. MFA admits that on or around January 2017, "Articles of clothing for religious observance are permitted to be worn with the uniform" was added to the Employment Guide. The remaining allegations are denied.

29. In answer to paragraph 29, MFA denies the allegations contained therein.

30. In answer to paragraph 30, MFA denies the allegations contained therein.

31. In answer to paragraph 31, MFA denies the allegations contained therein.

**Claims for Relief**

**First Count: Discrimination in Violation of Title VII**

32. In answer to paragraph 32, MFA hereby incorporates its answers to paragraphs 1 through 31 as if fully set forth herein.

33. In answer to paragraph 33, MFA denies that it refused to permit Plaintiff to wear the hijab and that it terminated her employment and, therefore, denies the remaining allegations contained therein.

**Second Count: Retaliation in Violation of Title VII**

34. In answer to paragraph 34, MFA hereby incorporates its answers to paragraphs 1 through 33 as if fully set forth herein.

35. In answer to paragraph 35, the MFA denies that it terminated Plaintiff's employment and, therefore, denies the remaining allegations contained therein.

## Prayer For Relief

36. In answer to Plaintiff's prayer for relief, MFA denies that Plaintiff is entitled to the relief requested, including the relief requested in subparagraphs A-F.

## Special and Affirmative Defenses

37. MFA denies that the Plaintiff is entitled to the relief requested.

38. MFA denies it was Plaintiff's employer and avers that the Plaintiff has failed to exhaust her administrative remedies as to MFA and her claims are barred by the statute of limitations.

39. MFA avers that all actions taken were in good faith and based on legitimate reasons and not solely or in part, based on retaliatory, illegal, or discriminatory motives or considerations.

40. MFA denies that the Plaintiff was subject to any unlawful discrimination or retaliation, or that Title VII was violated in any way.

41. MFA avers that Plaintiff did not take advantage of the reasonable accommodation offered to Plaintiff and further avers that no tangible employment action was taken against the Plaintiff sufficient to state a claim.

42. MFA denies all allegations not specifically admitted herein.

43. MFA will rely on all other properly provable defenses to this action which are revealed through investigation, discovery or at trial and reserves the right to amend this Answer to the Complaint at any time.

WHEREFORE, for the foregoing reasons, MEDICAL FACILITIES OF AMERICA, INC., respectfully requests judgment in its favor together with costs and attorney fees expended.

**Trial by jury is demanded.**

**MEDICAL FACILITIES OF**
                                                    **AMERICA, INC.,**

                                                    By Counsel

/s/
Jeremy D. Capps VSB No. 43909
Melissa Y. York VSB No. 77493
Attorney for Medical Facilities of America, Inc.
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia  23255
804-747-5200 - Phone
804-747-6085 - Fax
jcapps@hccw.com
myork@hccw.com

# **C E R T I F I C A T E**

      I hereby certify that on the 13th day of August, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

        Gadeir I. Abbas, Esq.
        Cair National Legal Defense Fund
        453 New Jersey Ave SE
        Washington, DC 20003
        202-488-8787 - Phone
        202-379-3317 - Fax
        gabbas@cair.com

                                                    /s/
                                                    Jeremy D. Capps VSB No. 43909
                                                    Melissa Y. York VSB No. 77493
                                                    Attorney for Medical Facilities of America, Inc.,
                                                    Harman, Claytor, Corrigan & Wellman
                                                    P.O. Box 70280
                                                    Richmond, Virginia  23255
                                                    804-747-5200 - Phone
                                                    804-747-6085 - Fax
                                                    jcapps@hccw.com
                                                    myork@hccw.com